**TRW, INC., Appellant,**

and

**Sheila E. Widnall, Secretary of the Air Force, Appellant,**

v.

**UNISYS CORP., Appellee.**

**UNISYS CORP., Appellant,**

v.

**Sheila E. WIDNALL, Secretary of the Air Force, Appellee.**

Nos. 95–1295, 95–1412 and 95–1416.

United States Court of Appeals, Federal Circuit.

Oct. 25, 1996.

Kenneth B. Weckstein, Epstein Becker & Green, P.C., Washington, DC, argued, for TRW, Inc. With him on the brief, was Raymond Fioravanti.

Arnold M. Auerhan, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued, for Sheila E. Widnall, Secretary of the Air Force. With him on the brief, were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Richard E. Rice, Assistant Director. Of counsel on the brief, were Colonel Alexander W. Purdue and

Major H. Josseph Batey, AFLSA, Commercial Litigation Division, Arlington, VA. Of counsel was Clarence D. Long, SAF/GCQ, Washington, DC.

C. Stanley Dees, McKenna & Cuneo, L.L.P., Washington, DC, argued for Unisys Corporation. With him on the brief, was J. Keith Burt.

Before PLAGER, Circuit Judge, SKELTON, Senior Circuit Judge, and BRYSON, Circuit Judge.

PLAGER, Circuit Judge.

The Department of the Air Force ("Air Force") awarded to TRW, Inc. ("TRW") a contract to provide various computer-related devices and services. Unisys Corporation ("Unisys") successfully challenged this award before the General Services Administration Board of Contract Appeals ("GSBCA" or "Board"). This appeal by both the Air Force and TRW followed. Because the GSBCA based its decision on an erroneous standard, we reverse.

■ Once again we are called upon to restate the bases on which the GSBCA may review an agency's procurement decision when that decision involves procurement of automatic data processing equipment. GSBCA review of the agency decision is governed by the Competition in Contracting Act of 1984 (CICA), as amended, 40 U.S.C. § 759(f)(5)(B) (1988). That section provides:

If the board determines that a challenged agency action violates a statute or regulation or the conditions of any delegation of procurement authority issued pursuant to this section, the board may suspend, revoke, or revise the procurement authority of the Administrator or the Administrator's delegation of procurement authority applicable to the challenged procurement.

In this case, the procurement involved a "best value" determination by the agency's Source Selection Authority (SSA), a process specifically authorized by regulation: "[I]n certain acquisitions the Government may select the source whose proposal offers the greatest value to the Government in terms of performance and other factors." 48 C.F.R. § 15.605(c) (1994).

■ The scope of this court's review of a decision by an agency board of contract appeals is set forth in 41 U.S.C. § 609(b)(1988):

[T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.

The manner and scope of review exercised by the GSBCA raises a question of law over which we have plenary authority, without deference to the Board. *Widnall v. B3H Corp.*, 75 F.3d 1577, 1579 (Fed.Cir.1996).

■ We recently examined at some length the question of GSBCA review in *Widnall v. B3H Corp.* We need not repeat the analysis given there, or review again the authorities cited. As the statute makes clear, the GSBCA's authority in a case such as this is to determine if there has been a violation of statute or regulation or the conditions of any delegation of procurement authority. In determining whether the agency has complied with the regulation authorizing best value procurements, the GSBCA may overturn an agency's decision if it is not grounded in reason. *Id.* at 1580. However, "[o]nce the Board determines that the agency's decision is so grounded, it then defers to the agency's decision even if the Board itself might have chosen a different proposal." *Id.* Furthermore, even if the GSBCA disagrees with the reasonableness of a portion of an agency's justification, it must accept agency procurement decisions if the remaining agency analysis can stand on its own. *Id.* Thus, the GSBCA may overturn the agency's decision only if the decision has no basis in reason, even if the agency accepted a higher-cost proposal as its best value. *Id.* at 1581–82; *see also Grumman Data Sys. Corp. v. Widnall*, 15 F.3d 1044 (Fed.Cir.1994).

In this case, the Source Selection Authority (SSA), after an extensive evaluation process by the agency, selected TRW over Unisys as the Air Force's best value. In its opinion, the GSBCA correctly noted that the SSA was not bound by quantitative factors; rather, according to the terms of the Request for Proposal, the SSA was allowed to weigh

various qualitative factors. Furthermore, the Board found that the SSA weighed these factors and discussed and explained these factors in her report. The GSBCA, however, gave only passing weight to the SSA's report and, on the basis of relatively minor contradictions in her testimony at trial, overturned that award. This does not provide a sufficient basis for the GSBCA to hold that the SSA's determination was not grounded in reason.

In applying the "grounded in reason" test, the issue is not whether the Board disagrees with the agency's reasons, but whether the agency decision is wholly without reason. In traditional administrative procedure terms, it is whether the decision is arbitrary or capricious. The record in this case, containing as it does an explication of the exhaustive administrative review process to which this procurement was subjected along with the findings that emerged from that process, establishes that this decision by the agency in favor of TRW cannot be said to be arbitrary or capricious, or in CICA-case terminology, not grounded in reason. The Board impermissibly substituted its judgment for that of the agency, and its determination is therefore

REVERSED.